**Robert ALLEN, Appellant,**

**v.**

**Billy Ray WILLIAMS, Appellee.**

**No. 4215.**

Court of Civil Appeals of Texas.

Waco.

June 18, 1964.

Robert Allen, Ft. Worth, for appellant.

Cantney, Hanger, Gooch, Cravens & Scarborough, Sloan B. Blair, Ft. Worth, for appellee.

McDONALD, Chief Justice.

Plaintiff Allen sued defendant Williams for personal injuries and property damages growing out of an intersection collision between plaintiff's and defendant's vehicles. Defendant filed an admission that he was guilty of negligence proximately causing the collision, and that plaintiff was not guilty of any acts of negligence proximately causing the collision. Defendant moved that the evidence be restricted to the question of damages, which motion was granted by the Trial Court.

Trial was to a jury, to which the court submitted the following issue:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate plaintiff for the injuries, if any, proximately caused by the collision?

"In answering this issue you may take into consideration the following elements of damage and none other: Such physical pain and mental anguish, if any, as you find from a preponderance of the evidence that plaintiff has suffered as a direct and proximate cause of his injuries."

To which the jury answered: *None*.

The Trial Court entered judgment on the verdict that plaintiff take nothing.

Plaintiff appeals, contending that the Trial Court erred:

1) In granting defendant's motion to exclude testimony and stipulate liability.

2) In refusing plaintiff's motion for delay because of an absent witness.

3) In refusing to permit testimony from certain witnesses.

4) In refusing to admit into evidence a letter from Dr. Lyle, and a police report by a police officer.

5) In confining the issue submitted to physical pain and mental anguish.

 We revert to plaintiff's 1st contention. Defendant has the right to admit liability and the court was authorized to restrict the evidence to plaintiff's damages.

With reference to plaintiff's 2nd contention, the record contains no motion for continuance, and there is no showing that the absent witness would have contributed anything material to the case.

Plaintiff's 3rd and 4th contentions complain of the exclusion of evidence by the Trial Court. Plaintiff does not direct attention to any specific testimony which he asserts should have been admitted, except the doctor's letter and the police report, both of which are clearly hearsay.

Plaintiff's 5th contention complains of the damage issue submitted by the Trial Court. Plaintiff did not submit or request an issue on damages and may not now complain about the issue that was submitted. See Rule 279, Texas Rules of Civil Procedure.

All of plaintiff's points and contentions have been considered and are overruled.

The judgment of the Trial Court is affirmed.